FILED & ENTERED

MAR 29 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY toliver      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>William Chong,<br><br>                                    Debtor. | CHAPTER 7<br><br>Case No.:  2:12-bk-16909-TD<br>Adv No:   2:12-ap-01760-TD<br><br>**MEMORANDUM DECISION** |
| Vendor Capital Group, a division of Telerent Leasing Corporation,<br><br>                                    Plaintiff,<br>     vs.<br><br>William Chong,<br><br>                                    Defendant. | Date:         February 21, 2013<br>Time:         11:00 AM<br>Courtroom:  1345 |

   This adversary proceeding arises out of and is related to the above-captioned case pending before this court; therefore, this court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. The claims for relief concern the determination of the dischargeability of a debt pursuant to 11 U.S.C. §523(a)(2)(B) and, as such, constitute a "core" proceeding under 28 U.S.C. §157(b)(2).

-1-

Venue is based on 28 U.S.C. §§1408 and 1409.

This bankruptcy case was commenced on February 27, 2012 (Petition Date), by the filing of a voluntary petition under chapter 7.

Defendant William Chong (Chong) is the Debtor in the above-captioned case.

Chong is indebted to Plaintiff Vendor Capital Group (VCG) in the amount of $88,197.40, plus interest (Debt), pursuant to a judgment entered by the Fresno County Superior Court on December 19, 2011 (Judgment)[1].

The Judgment resulted from a written equipment lease agreement (Lease) whereby VCG, as lessor, agreed to finance the acquisition by Chong, his wife Sung Ja Kang and a corporate entity known as WCK, Inc., as lessees (Lessees), of certain furniture, fixtures and equipment for a hotel in Fresno. The Lessees defaulted on the Lease and VCG had sued to recover the balance due.

Prior to executing the Lease, Chong provided to VCG a personal financial statement (Financial Statement) dated October 15 and/or November 5, 2008. Chong knew or reasonably should have known that VCG would rely on the information in the Financial Statement in determining whether or not to enter into the Lease.

The Debt is for money, property, services, or the extension, renewal or refinancing of credit from VCG to Chong which was obtained by the use of a statement in writing, namely, the Financial Statement.

The Financial Statement was materially false in that, among other things, it contained false representations by Chong regarding jewelry.

The representations in the Financial Statement were made with respect to Chong's financial condition.

VCG reasonably relied on Chong's representations in the Financial Statement in entering into the Lease.

---

[1] The Judgment was entered in the amount of $138,697.40. Plaintiff has credited $50,500 received on account against the outstanding balance on the Judgment.

Chong made or published false statements in the Financial Statement with the intent to deceive VCG regarding the extent of his assets.

A judgment was entered in favor of VCG and against Chong and the other co-defendants, jointly and severally, in the Fresno County Superior Court on December 19, 2011, in the amount of $138,697.40 (Judgment, Exhibit 2).

The Judgment resulted from a written Master Lease Agreement (Lease, Exhibit 1) pursuant to which VCG financed the acquisition by Chong and his co-lessees of 202 televisions and related equipment for use in the Lessees' hotel operation.

In order to obtain the Lease from VCG, Chong completed a Credit/Lease Application (Credit Application, Exhibit 3, p. 1) and submitted his personally created Statement of Personal Financial Condition (Financial Statement, Exhibit 3, pp. 2-4) dated October 15 and/or November 5, 2008.

Chong knew or reasonably should have known that VCG would rely on the information in the Credit Application and Financial Statement in determining whether or not to enter into the Lease.

VCG relied on the information in the Credit Application and Financial Statement in deciding to enter into the Lease.

Plaintiff's claim is for nondischargeability of Chong's outstanding debt,

> ". . . for money, property, services or an extension . . . of credit, to the extent obtained by— . . . (B) use of a statement in writing— (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor . . . reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive . . . ." 11 U.S.C. § 523(a)(2)(B).

VCG's evidence here demonstrates that it has proved its claim against Chong by a preponderance of the evidence. In connection with entering into a written lease agreement with VCG, Chong provided to VCG a personal financial statement dated October 15, 2008 and/or November 5, 2008. The Chong statement was false. While representing that he had a net worth of $10,591,552, he represented that, among other valuable assets in which he then had an equity, he had jewelry that he valued at $800,000, plus an interest in his wife's business, Bangles Boutique, with a market value of $1,250,000.

Plaintiff VCG reasonably relied on Chong's representation the he owned $800,000 in value of jewelry.  The representation clearly was one concerning Chong's personal financial condition.  The testimony and documentary evidence established that Chong made the representation with an intent to deceive VCG into entering into a significant lease transaction payable in installments.  The evidence also established that Chong suffered a financial collapse later before repaying his debt to VCG.

Chong attempted in his testimony to explain his $800,000 jewelry representation.  Although the testimony of witnesses conflicted, in the end Chong's testimony was neither credible nor persuasive.  Chong failed to satisfactorily explain the loss of $800,000 of jewelry before repaying VCG in full.  As a result, VCG was unable to fully recover and suffered its loss as a direct result of Chong's deception.

Chong remains liable to VCG in the sum of $88,197.40, plus interest, after deducting partial recoveries received by VCG.  The remaining unpaid balance of VCG's state court judgment is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(B).

IT IS SO ORDERED.

###

Date: March 29, 2013

Thomas B. Donovan
United States Bankruptcy Judge

-4-

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **MEMORANDUM DECISION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*)_____*,* the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Melody G Anderson    manderson@hemar.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

<u>Plaintiff</u>
Vendor Capital Group
c/o HEMAR & ASSOCIATES
2001 Wilshire Blvd. Suite 510
Santa Monica, CA 90403

<u>Defendant</u>
William Chong
23790 Canyon Vista Ct.
Diamond Bar, CA 91765

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page